EDWARD J. McALEER, Respondent, *v.* WILLIS H. WARREN and Another, Appellants.

*Verdict in favor of the plaintiff's assignor, not a party to the action — a judgment thereon for the plaintiff, sustained.*

In an action tried before a justice of the peace in which Edward J. McAleer was plaintiff and one Warren and another were defendants, the record on appeal stated the title of the cause and gave a history of the proceedings had and a statement of the testimony given on the trial, and further stated that the jury rendered a verdict in favor of " Godson & Son" (the plaintiff's assignors), and judgment was thereupon given in favor of the plaintiffs for damages and costs.

There was no change of parties made by the justice and the record disclosed no change in the title of the action. Godson & Son were not parties to the action, never appeared therein and were not before the court.

*Held,* that such judgment must be deemed to have been one in favor of the plaintiff against the defendants.

APPEAL by the defendants, Willis H. Warren and another, from a judgment of the County Court of Rensselaer county in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 29th day of July, 1892, upon the decision of the court modifying a judgment of a justice of the peace of the town of Lansingburgh, Rensselaer county, with notice of an intention to bring up for review on such appeal the order of affirmance and rulings, findings and decision of the Justice's Court.

*Emmet N. Akin,* for the appellants.

*James G. Patton,* for the respondent.

PUTNAM, J.:

It seems to have been assumed by both parties that the judgment rendered in this action in the Justice's Court was not one in favor of plaintiff, but was in favor of "Godson & Son," his assignors. In this assumption, we think, the parties were mistaken. The trial before the justice was in an action in which Edward J. McAleer was plaintiff and Willis H. Warren and William H. Buckley were defendants. The record starts with the title of the cause and gives a history of the proceedings and a statement of the testimony given on the trial, and states that the jury rendered a verdict in favor of "Godson & Son," instead of plaintiff, and then follows the judgment for thirty dollars damages and five dollars and twenty-five cents costs, in all thirty-five dollars and twenty-five cents.

No change of parties was made by the justice. The record discloses no change of the title of the action. The suit on trial, and tried, was one in which Edward J. McAleer was plaintiff. At the end of the trial judgment was entered as above. Such judgment must be deemed to have been one in favor of plaintiff and against defendants. It is difficult to see how it could be regarded as a judgment in favor of "Godson & Son," who are not parties to the action, had never appeared therein, and were not before the court.

Of course, the plaintiff on the trial, on the reception of the verdict, should have requested the justice to direct the jury to correct the evident mistake they made in their verdict in rendering it in favor of plaintiff's assignors instead of plaintiff. But failing to do so, the verdict remained in favor of "Godson & Son," and the judgment in favor of plaintiff.

The defendants probably could have successfully appealed from the judgment on the ground that it was unsupported by any verdict. But they have not taken an appeal from the judgment rendered by the justice, and such being the case it should be allowed to stand.

It appears, therefore, that it was not necessary for the plaintiff to take an appeal. The judgment rendered was one in his favor. Nor was it necessary for the County Court to modify the judgment. But it was modified, without costs, and as it assumes to change the judgment from one in favor of "Godson & Son" to one in favor of plaintiff, although the judgment was in fact rendered by the justice

in favor of plaintiff, defendants were not injured in any manner by the order of the County Court.

Under the peculiar circumstances of the case, the defendants not being injured by an order which does not in any way change the situation of the parties, we think that a proper disposition of the case is to affirm the order or judgment of the County Court, without costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment of County Court affirmed, without costs to either party.